*142 MEMORANDUM **
Jose Raymundo Fernandez, and his wife, natives and citizens of the Philippines, petition for review of a Board of Immigration Appeals’ order dismissing their appeal from an immigration judge’s (“IJ”) decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.
Substantial evidence supports the IJ’s finding that the threats Fernandez received were not on account of a protected ground. See Molina-Morales v. INS, 237 F.3d 1048, 1052 (9th Cir.2001) (personal retribution is not persecution on account of a protected ground). Substantial evidence also supports the IJ’s finding that Fernandez failed to show that the government is unable or unwilling to control his alleged persecutor. See Nahrvani v. Gonzales, 399 F.3d 1148, 1154 (9th Cir.2005). In addition, substantial evidence supports the IJ’s finding that Fernandez failed to establish that his fear of future persecution was objectively reasonable. See Nagoulko v. INS, 333 F.3d 1012, 1016-18 (9th Cir.2003) (direct and specific evidence is needed to show reasonable fear of persecution). Moreover, as the IJ found, Fernandez’s fear of future persecution is undermined because his similarly-situated family members remain in the Philippines without harm. See Hakeem v. INS, 273 F.3d 812, 816-17 (9th Cir.2001); see also Santos-Lemus v. Mukasey, 542 F.3d 738, 743 (9th Cir.2008).
Because Fernandez did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Finally, substantial evidence supports the IJ’s denial of CAT relief because Fernandez failed to demonstrate that it is more likely than not that he will be tortured if returned to the Philippines. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.